HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONNA MAE LEITNER,

　　　　　Plaintiff,

　　v.

JOHN E. POTTER and UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMISSION,

　　　　　Defendants.

Case No. C05-5674RBL

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## I. INTRODUCTION

This matter comes before the Court on the Defendant Equal Employment Opportunity Commission's ("EEOC") Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. (Dkt. #11). The Plaintiff has not responded and no response is required, pursuant to Fed. R. Civ. P. 12(h)(3). The Defendant claims that because it was not Plaintiff's employer, her discrimination claims lack both jurisdiction and merit. In addition, there was no waiver of sovereign immunity to permit the Plaintiff to file a lawsuit against the EEOC.

Having reviewed the parties' submissions, the Court determines that it does not have subject matter jurisdiction over this matter. For the reasons set forth below, the Court hereby GRANTS this motion and dismisses the EEOC from this case.

## II. BACKGROUND

The Plaintiff was an employee of United States Postal Service ("USPS"). In her complaint, the Plaintiff claimed that the alleged discrimination began on or about August 1, 2001 but described a long history of discrimination dating back to June 1997. *Complaint*, p. 2 (Dkt. #1). She alleged that her employer was discriminatory with respect to her disabilities: post traumatic stress disorder, borderline disorder, and mixed anxiety. She was eventually terminated in March 2002. The Plaintiff also alleged that the USPS failed to provide reasonable accommodations and assist with filing her worker's compensation claims. *Id*.

On August 18, 2002, she filed an administrative charge with the EEOC, claiming that the USPS had discriminated against her on the basis of disability. *Id*. On July 20, 2005, the Plaintiff received a Notice of Right to Sue from the EEOC. *Id*. The Plaintiff filed this lawsuit on October 13, 2005.

## III. DISCUSSION

**A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction**

As an initial matter, Defendant EEOC moves to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. Rule 12(b)(1). A complaint must be dismissed under this rule if, considering the factual allegations in the light most favorable to the plaintiff, the action: 1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2 of the Constitution; 2) is not a case or controversy within the meaning of the Constitution; or 3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 62 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Rule 12(b)(1), the Court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarth v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of*

*America*, 511 U.S. 375 (1994). Therefore, the plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

**B. This Court Lacks Subject Matter Jurisdiction Over Any Claims Against the EEOC**

The Plaintiff pursues claims against the EEOC under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. *Complaint*, p. 2 (Dkt. #1). The Plaintiff claims that her employer, USPS, discriminated against her on the basis of disability. The Court examines the Plaintiff's claims and determines that it lacks subject matter jurisdiction over this matter.

1. The Plaintiff's Title VII Claims

There are three ways Title VII confers federal courts over discrimination claims. First, § 706(f)(3), 42 U.S.C. § 2000e-5(f)(3) provides federal courts with jurisdiction over acts brought against employers, employment agencies, and labor organizations accused of discriminatory employment practices. Second, federal courts have jurisdiction over actions brought <u>by the EEOC</u> or the Attorney General against persons engaged in discriminatory employment practices. 707(b), 42 U.S.C. § 2000e-6(b) (emphasis added). Third, 717, 42 U.S.C. § 2000e-16(c) provides jurisdiction over lawsuits by federal employees or employee applicants against the head of the federal agency accused of discriminatory employment practices; "the head of the department, agency or unit" where the discrimination occurred shall be considered the only proper defendant in these lawsuits. 717(c), 42 U.S.C. § 2000e-16(c).

This Court lacks subject matter jurisdiction because the EEOC is not the agency where the Plaintiff was employed. Courts have consistently determined that unless the EEOC is the employing agency, a plaintiff may not file against the EEOC if an individual alleges discrimination by a third-party. *Mahoney v. U.S. Postal Serv.*, 884 F.2d 1194, 1196 (9th Cir. 1989); *Ayon v. Sampson*, 547 F.2d 446, 447 n. 2 (9th Cir. 1976). In this case, the Plaintiff's former employer is the USPS, not the EEOC. The Postmaster General is the only appropriate Defendant in this action.

### 2. The Plaintiff's Rehabilitation Act Claims

The Plaintiff's complaint does not include a claim for violation of the Rehabilitation Act, 29 U.S.C. 794a, but does reference discrimination on the basis of disability. Even if the Court reads the Plaintiff's claim to include this allegation, it still lacks subject matter over the case as between the Plaintiff and the EEOC.

The Rehabilitation Act provides federal courts with the same jurisdictional power that are permitted under Title VII. 29 U.S.C. 794a(a)(1). The procedures for Title VII actions set forth at 42 U.S.C. § 2000e-16 apply to claims brought under the Rehabilitation Act. *See* 29 U.S.C. § 794a(a)(1). The Rehabilitation Act, like Title VII, does not provide parties with a cause of action against the EEOC unless it is an employing agency. *See Mahoney*, 884 F.2d at 1196 n. 1. Because Title VII provides no remedy for the Plaintiff and the same is true with regard to this claim for discrimination under § 794a. The Court lacks subject matter jurisdiction because the Plaintiff's former employer is the USPS, not the EEOC.

## C. There is No Waiver of Sovereign Immunity

Even if this Court has jurisdiction over the Plaintiff's claim, she failed to state a claim under Fed. R. Civ. 12(b)(6). The Plaintiff has not pursued a claim under any statute that waives sovereign immunity. In this case both Title VII and the Rehabilitation Act are not statutes that waive sovereign immunity. Moreover, even if the Plaintiff can waive sovereign immunity for these claims, she failed to exhaust her administrative remedies by not filing an administrative tort claim with the EEOC before filing this lawsuit.[1]

Sovereign immunity applies in lawsuits in which a United States federal agency is named as a defendant. *See Dugan v. Rank*, 372 U.S. 609, 620, 83 S. Ct. 999, 1006 (1963). The United States or a federal agency cannot be sued unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351 (1980). Unless Congress waives sovereign immunity in a federal statute, the Courts lack

---

[1] The Defendant draws a distinction between the Plaintiff's claims and claims that permit a waiver of sovereign immunity. A clear example is the Federal Tort Claims Act ("FTCA"), which provides a waiver of the federal government's immunity for certain negligence claims. *See* 28 U.S.C. § 1346(b). However, the FTCA requires a complainant to exhaust her available administrative remedies before bringing an action against the United States in federal district court. *See* 28 U.S.C. § 2675(a).

ORDER
Page - 4

subject matter jurisdiction over that lawsuit. *United States v. Sherwood*, 312 U.S. 584, 587-88, 61 S. Ct. 67, 769-70, 85 L.2d 1058 (1941). There is no federal statute that permits the EEOC to waive sovereign immunity in circumstances where it is not the employing agency. Sovereign immunity has not been waived therefore the Court lacks jurisdiction.

## IV. CONCLUSION

Based on the foregoing reasons, the Court GRANTS Defendant EEOC's Motion to Dismiss for lack of subject matter jurisdiction. (Dkt. #11). The Court hereby DISMISSES the EEOC from this lawsuit.

IT IS SO ORDERED.

DATED this 18th of March 2008

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE