HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONNA MAE LEITNER, fka DONNA MAE CASTLE-EBRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. POTTER and UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Defendant. | Case No. C05-5674RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion to Dismiss or Transfer Due to Lack of Proper Venue [Dkt. #17]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

On or about October 13, 2005 plaintiff filed a complaint in this Court alleging that her employer, the United States Postal Service ("USPS"), and the Equal Employment Opportunity Commission ("EEOC") discriminated against her due to her disability in violation of Title VII of the Civil Rights Act of 1964. Due to no one person's fault, this Complaint was not properly served until December, 2007. On March 18, 2008, the EEOC was dismissed as a defendant.

Ms. Leitner alleges that while she was employed at the USPS in Lansing, Michigan she was discriminated against due to a disability. Thus, her allegations are more properly governed by the Rehabilitation Act of 1973, 29 U.S.C. §§701, *et. seq.; Johnson v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989). The specific venue provisions of Title VII have been incorporated into the Rehabilitation Act,

ORDER
Page - 1

*Bolar v. Frank*, 938 F.2d 377 (2nd Cir. 1991), and are mandatory. *Johnson v. Payless Drugstores Northwest, Inc.,* 950 F.2d 586, 587 (9th Cir. 1991) (quoting *Bolar*, 938 F.2d at 379).

Venue in discrimination cases is controlled by 42 U.S.C. §2000e-5(f)(3) which provides in relevant part:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice....

The mandatory nature of this provision means that because Ms. Leitner worked at the USPS in Lansing, Michigan and her employment records are maintained there, venue is only proper in Michigan, and not in this Court.

The Defendant's Motion to Dismiss or Transfer Due to Lack of Proper Venue [Dkt. #17] is **GRANTED** insofar as transfer is requested. This matter is transferred to the United States District Court for the Western District of Michigan.

**IT IS SO ORDERED.**

Dated this 11th day of March, 2009.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE